**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

United States of America,

      Plaintiff,

v.                                                                                      Case No. 04-20127-JWL

Jose Francisco Serrano Leon,

      Defendant.


## MEMORANDUM AND ORDER

### Background

This matter comes before the court on defendant's pro se "Motion for New Exculpatori [sic] Evidence," filed July 22, 2008.

Defendant pleaded guilty on February 1, 2005 to a charge of aiding and abetting interstate transmission of a threat in violation of 18 U.S.C. §§ 875(c) and 2.  In the plea agreement, defendant waived certain rights to appeal and/or collaterally attack his conviction and sentence (Doc. 51, ¶ 10).   Prior to sentencing, defendant filed a motion to withdraw his guilty plea, which this court denied on April 4, 2006 (Doc. 82).  On May 12, 2006, this court sentenced defendant to 57 months' imprisonment followed by two years of supervised release (Doc. 87).

Shortly thereafter, defendant appealed this court's denial of his motion to withdraw his guilty plea.  The U.S. Court of Appeals for the 10th Circuit dismissed the appeal on the grounds that the defendant had knowingly and voluntarily waived his right to appeal,

1

including the right to appeal this court's decision not to let him withdraw his guilty plea. *United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007). The court held that defendant had failed to prove that his waiver of appellate rights was not made knowingly and voluntarily, despite his claim that he was going through psychiatric troubles when he entered his plea and did not remember entering it. *Id.* at 832-34. The judgment of the appellate court became final on May 9, 2007, when defendant's time window for filing a writ of certiorari ended. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (noting 90-day window to file writ of certiorari after entry of appellate court judgment).

Barring unusual circumstances, a defendant has one year from a final judgment of conviction to file a timely motion for post-conviction relief under 28 U.S.C. § 2255. In January 2008, defendant sought an extension of time in which to file a § 2255 motion (Doc. 102), but this court denied the request (Doc. 106). Defendant did not file a § 2255 motion by May 9, 2008, when the one-year window ended.

Defendant's pending pro se motion, filed July 22, 2008, asks the court to consider various evidence that the defendant believes will establish his innocence and cause him to be released from prison (Doc. 108). The document does not contain any citations to 28 U.S.C. § 2255, however, the government's response argues that the document can be construed only as a § 2255 collateral attack (*See* Doc. 111). Defendant's response to the government, filed Sept. 29, 2008, again asks the court to reconsider various evidence relating to his plea and conviction, but it does not invoke 28 U.S.C. § 2255 (Doc. 112).

2

Discussion

The district court has discretion to recharacterize a pro se motion to better fit with the substance of the motion and its underlying legal basis. *Castro v. United States*, 540 U.S. 375, 381-82 (2003). There is, however, an important limitation on this discretion. Because the filing of a first § 2255 motion limits a defendant's ability to file second and subsequent motions, a court may not recharacterize a defendant's pro se motion as a first § 2255 motion without (1) notifying the defendant of its intent to do so; (2) warning the defendant of the consequences of the recharacterization; and (3) providing an opportunity for the defendant to either modify or withdraw the motion. *Castro*, 540 U.S. at 383.

Although defendant's pending "Motion for New Exclupatori [sic] Evidence" is not labeled as a motion filed under 28 U.S.C. § 2255, the court intends to treat it as such because collateral attack is the only procedural vehicle remaining for defendant to challenge his detention and sentence. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (describing § 2255 as "exclusive remedy" for a prisoner to attack the legality of his detention and to test the validity of judgment and sentence).

The consequence of filing a first § 2255 motion is that any second or subsequent § 2255 motions will be subject to more stringent procedural requirements. Specifically, defendant will not be allowed to proceed on a second or subsequent motion unless the motion is certified in advance by a panel of the appropriate court of appeals to contain either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as

3

a whole, would be sufficient to establish by clear and convincing evidence that no

reasonable factfinder would have found movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by

the Supreme Court, that was previously unavailable.

28 U.S.C.S. § 2255(h) (LexisNexis 2002 & Supp. 2008).

     If defendant desires for the court not to treat his existing motion as a motion under

§ 2255, he must do one of two things no later than November 28, 2008: either (1) notify

this court of his intent to withdraw the motion; or (2) file an amended motion containing

all claims he believes he may file under § 2255.  In addition, defendant may notify the

court if he wants the existing, unaltered motion to be treated as a § 2255 motion.  If

defendant does not respond by November 28, the court will treat the existing July 22 pro

se motion as defendant's first § 2255 motion.

     The court should note that because of the timing of defendant's pending motion,

the bar for defendant to successfully attack his sentence with even a first § 2255 motion

already is high. Because more than a year has passed since defendant's judgment of

conviction became final, in order for the motion not to be time-barred he must show that

he is acting within a year of the latest of the following:

(2) the date on which the impediment to making a motion created by governmental

action in violation of the Constitution or laws of the United States is removed, if

[defendant] was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme

4

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.S. § 2255 (LexisNexis 2002 & Supp. 2008).

In addition, defendant's plea agreement expressly waived "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence" (Doc. 51, ¶ 10).  Subject to limited exceptions, a defendant's waiver of collateral attack rights is enforceable "where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."  *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

<u>Conclusion</u>

Defendant is granted until no later than November 28, 2008 to file a supplemental pleading either withdrawing his July 22 motion or amending it to include all claims he could file under 28 U.S.C. § 2255.  If the court receives no response from defendant on or before **November 28, 2008**, or if defendant notifies the court by the deadline that he wants the existing, unmodified motion to be treated as a § 2255 motion, the court will treat the motion as defendant's first § 2255 motion and proceed accordingly.

IT IS SO ORDERED.


Signed this 31st day of October, 2008.

5

s/John W. Lungstrum
JUDGE JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE