## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                              Case No. 04-20127-JWL

**Jose Francisco Serrano Leon,**

      **Defendant.**

### MEMORANDUM AND ORDER

Background

On February 8, 2007, the United States Court of Appeals for the 10th Circuit dismissed a criminal appeal filed by defendant that challenged this court's refusal to allow him to withdraw his guilty plea to a charge of aiding and abetting the interstate communication of a threat in violation of 18 U.S.C. §§ 875(c) and 2. *United States v. Leon*, 476 F.3d 829 (10th Cir. 2007). The appellate court held that defendant failed to demonstrate that his plea was not entered knowingly and voluntarily and that the agreement, which included a waiver of rights of appeal, was therefore enforceable. *Id.* at 834. Defendant did not file a petition for certiorari within 90 days of the appellate court's decision. Instead, on July 22, 2008– one year and 74 days after the closure of the 90-day window in which he could have filed a petition for certiorari – defendant filed with the district court a pro se "Motion for New Exculpatori [sic] Evidence" (Doc. 108), which is the subject of this memorandum.

In an order signed October 31, 2008, this court notified defendant that it intended to recharacterize his motion as a motion for post-conviction relief under 28 U.S.C. § 2255 unless defendant filed a supplementary pleading amending or withdrawing the motion by November 28, 2008 (Doc. 113).  Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), the court's order also informed defendant that the recharacterization of his motion as a first § 2255 motion would create procedural hurdles that would make it more difficult for him to succeed should he file a second or subsequent § 2255 motion (Doc. 113). Defendant failed to respond by the November 28, 2008 deadline.  Therefore, this court now recharacterizes defendant's pending motion as a motion for post-conviction relief under 28 U.S.C. § 2255 and will proceed to determine whether the statute entitles defendant to the relief he seeks.

Discussion:

To be timely, a petitioner's motion for post-conviction relief under 28 U.S.C. § 2255(f) must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f)(1)-(4) (LexisNexis 2002 & Supp. 2008).

For purposes of starting the one-year limitation period under § 2255(f)(1), "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003). Defendant's judgment of conviction, therefore, became final on May 9, 2007, when the 90-day period following the appellate court's dismissal of his appeal ended and defendant had not by that date filed a petition for certiorari. *See id.* at 527 (noting 90-day window under Supreme Court rules for filing of certiorari petition). As of May 9, 2008, one year after the judgment of conviction became final, defendant had not filed a § 2255 motion. The motion that is the subject of this order was not filed until July 22, 2008. Defendant, therefore, has failed to satisfy the timeliness requirement of § 2255(f)(1).

None of the remaining subsections (2)-(4) of § 2255 applies to defendant's case. Defendant points to no evidence suggesting that he was prevented from filing a timely motion because of illegal governmental action, nor does he argue that he is asserting a right that is newly recognized by the Supreme Court. Finally, defendant's motion and supporting exhibits, most of which date from May 2005, do not establish that he has learned of any new facts that became discoverable to him only within the one-year period leading up to the filing of his July 22, 2008 motion.

Based on the foregoing, it is this court's ruling that defendant's motion for relief under

28 U.S.C. § 2255 is time-barred and therefore must be dismissed.

Even if defendant had filed his motion in a timely manner, this court nonetheless would deny his motion because defendant's plea agreement expressly waived "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence" (Doc. 51, ¶ 10). A waiver of rights to collateral attack under § 2255 in a plea agreement is generally enforceable "where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). This rule is subject to limited exceptions for cases in which a defendant's plea agreement was not made knowingly or voluntarily, the court relied on impermissible factors such as race, or the agreement was otherwise unlawful. *Id.* at 1182. In addition, a waiver does not preclude review of a sentence that exceeds the statutory maximum or of a defendant's claim that he entered a plea agreement because of ineffective assistance of counsel. *Id.*

This court previously reviewed the record of events surrounding defendant's guilty plea and determined, in an April 4, 2006 order denying defendant's motion to withdraw his plea, that the plea was made knowingly and voluntarily (*See* Doc. 82). The U.S. Court of Appeals for the 10th Circuit upheld this court's decision. *United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007). The appellate court held that defendant had failed to prove that his waiver of appellate rights was not made knowingly and voluntarily, despite his claim that he was going through psychiatric troubles when he entered his plea and did not remember entering it. *Id.* at 832-34.

None of the information contained in defendant's pending motion or in the supporting exhibits, all of which were created months or years after he entered his plea, alters this court's conclusion that his plea agreement waiving his right to collateral attack was made knowingly and voluntarily. Defendant does not allege that any of the other exceptions to the rule in *Cockerham*– for example, that his plea agreement was otherwise unlawful or that he entered the agreement because of ineffective assistance of counsel – are applicable to his case. For these reasons, the court concludes that defendant validly waived his right to collateral attack under § 2255.

## Conclusion:

Because defendant's motion is time-barred and because defendant knowingly and voluntarily waived his rights of collateral attack, defendant's "Motion for New Exculpatori [sic] Evidence," recharacterized as a motion for relief under 28 U.S.C. § 2255, is dismissed. IT IS SO ORDERED.

Signed this 13th day of February, 2009.

s/John W. Lungstrum
JUDGE JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE